No. 92-473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

MONTANA RANCH PROPERTIES, INC.,
a Montana corporation,

        Plaintiff and Appellant,

   v.

DONALD EASTEP, JOHN DOES 1 THROUGH
10, AND OTHER PERSONS CLAIMING
ANY INTEREST IN CERTAIN LANDS
IDENTIFIED IN THIS COMPLAINT,

        Defendants and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Karl Knuchel, Attorney at Law, Livingston, Montana

        For Respondent:

        Kenneth D. Tolliver and Jeffrey A. Hunnes, Wright,
Tolliver & Guthals, P.C., Billings, Montana

Submitted on Briefs: January 22, 1993

Decided: February 18, 1993

Filed:

FILED

FEB 18 1993

CLERK

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the Sixth Judicial District, Park County, decided this quiet title action in favor of defendant Donald Eastep. Plaintiff Montana Ranch Properties, Inc., appeals. We affirm.

The issue is whether the court erred in concluding that Donald Eastep held the redemptive rights to certain real property in Park County, Montana.

On February 22, 1990, J. Rance Smith filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. At that time, he was the owner of real property in Park County, Montana, upon which Frances and Marion Moreland held a mortgage. The day after Smith filed his bankruptcy petition, the Morelands filed, in the District Court for Park County, a complaint to foreclose their mortgage.

Pursuant to 11 U.S.C. § 362, the foreclosure action was stayed pending the bankruptcy proceeding. On August 27, 1991, however, at the Morelands' request, the Bankruptcy Court entered an order lifting the stay as to the Park County property. The order stated:

> IT IS ORDERED vacating [sic] the stay against lien enforcement of Frances and Marion Moreland respecting the above-described property.

The Morelands pursued their foreclosure action in District Court and on December 17, 1991, obtained a decree establishing a total

2

judgment of $147,756.26 and ordering sale of the mortgaged property.

On December 19, 1991, the bankruptcy trustee gave notice to all creditors and interested parties of his intent to sell Smith's redemption rights in the Park County property. He sold those rights to defendant Eastep for $1,000 on January 17, 1992.

The sheriff's sale following foreclosure took place on February 11, 1992. High bidder at the sale was Montana Ranch Properties, Inc., the plaintiff in this case. Montana Ranch then obtained a quitclaim deed from J. Rance Smith dated February 24, 1992, to set up a claim to the redemption rights.

On March 10, 1992, Eastep tendered $186,879.76 to the sheriff of Park County to exercise the redemptive rights he had acquired from the bankruptcy trustee. Shortly thereafter, Montana Ranch filed this quiet title action. The District Court granted summary judgment in favor of Eastep.

Did the District Court err in concluding that Donald Eastep held the redemptive rights to the Park County property?

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions, and any affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Here, the arguments made by Montana Ranch

3

are legal, not factual. Federal statutes and cases control as to the bankruptcy matters involved.

Montana Ranch claims that the trustee had no power to sell the right of redemption prior to the foreclosure sale. It asserts that the right did not exist prior to the foreclosure sale and therefore was not part of the bankruptcy estate under 11 U.S.C. § 541.

Federal case law disproves this claim of Montana Ranch:

> [T]he courts have consistently said that options or contingent interests are property of the bankruptcy estate under section 541. "The term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or enjoyment must be postponed." Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966)[.]
>
> . . .
>
> We hold that a pre-foreclosure right to redeem is a property right under section 541[.]

In re Bialac (9th Cir. 1983), 712 F.2d 426, 431.

A trustee in bankruptcy has the power to sell property of the estate. 11 U.S.C. § 363(b). We conclude that the trustee had the power to sell the redemption rights prior to the foreclosure sale.

Montana Ranch also asserts that when the Bankruptcy Court lifted the automatic stay as to the Park County property, the bankruptcy trustee effectively abandoned the property. Montana Ranch claims this resulted in a revesting of title to the Park County property in J. Rance Smith.

4

A lifting of a bankruptcy stay and abandonment of property by the bankruptcy estate are distinctly different. Relief from the automatic stay is governed by 11 U.S.C. § 362. Abandonment of property from a bankruptcy estate is governed by 11 U.S.C. § 554. For the protection of creditors, abandonment during the period of administration can only occur following notice, hearing, and order of the bankruptcy court. 11 U.S.C. § 554. Montana Ranch has presented no evidence that such proceedings took place. Contrary to the contentions of Montana Ranch, the order lifting the automatic stay as to the Morelands' lien on the Park County property contains no language divesting the bankruptcy estate of its interest in the property. We conclude that Montana Ranch has failed to establish that the bankruptcy trustee abandoned the redemption rights to the Park County property.

Montana Ranch has not shown that the bankruptcy trustee's sale to Eastep of the right of redemption of the Park County property was in any way invalid. We therefore affirm the summary judgment quieting title in Eastep.

_____
                    Chief Justice

5

We concur:

_John Conway Harrison_

_William E. Hunt_

_R. C. McDonough_

_Fred Weber_
Justices

6

February 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Karl Knuchel
Attorney at Law
P.O. Box 953
Livingston, MT 59047

Kenneth D. Tolliver & Jeffrey A. Hunnes
Wright, Tolliver & Guthals, P.C.
P.O. Box 1977
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy